**IN THE COURT OF APPEALS OF IOWA**

No. 20-0849
Filed August 5, 2020

**IN THE INTEREST OF E.A. and F.A.,**
**Minor Children,**

**T.D., Mother,**
      Appellant,

**J.A., Father,**
      Appellant.
_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A mother and father appeal the termination of their respective parental rights. **AFFIRMED ON BOTH APPEALS.**

Sarah Wenke, Ottumwa, for appellant mother.

Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Mary B. Krafka, Ottumwa, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

A mother and father separately appeal from the termination of their respective parental rights to their children, E.A. and F.A.  Both argue termination is not in the children's best interests, request additional time to work toward reunification, and argue the juvenile court should have established a guardianship instead of terminating their parental rights.  We affirm.

We review termination proceedings de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

We generally use a three-step analysis to review the termination of parents' rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  Finally, we consider any additional arguments raised by the parents.

Typically we begin by determining whether the State established statutory grounds authorizing termination under Iowa Code section 232.116(1) (2020).  *See id.*  But neither parent challenges the statutory grounds for termination established under subsection 232.116(1).  So we need not address this step.  *See In re G.V.*, No. 20-0080, 2020 WL 1310261, at *1 (Iowa Ct. App. Mar. 18, 2020).

Our next step requires us to consider the best interests of the children. *See* Iowa Code § 232.116(2). We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We find termination of both parents' rights to be in the children's best interests. Both parents struggle with substance abuse. Neither parent has a stable home. At the time of the termination hearing, the mother was staying with the paternal grandparents and the father was in jail on a parole violation and awaiting transfer to a halfway house. And neither parent has a job. Considering the parents' history of instability as we look ahead, we think it unlikely either parent would be able to adequately meet the children's needs in the future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). And we recognize the children's current foster placement is willing to adopt the children. *See* Iowa Code § 232.116(2)(b). Termination is a necessary step in the adoption process. *See In re S.G.*, No. 19-1876, 2020 WL 2065946, at *2 (Iowa Ct. App. Apr. 29, 2020).

Next, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent contesting termination. *See A.S.*, 906 N.W.2d at 476. Here, neither parent presents an argument as to why

we should apply an exception to preclude termination of their respective parental rights. So we decline to apply any section 232.116(3) exception to either parent.

Finally, we address the parents' additional arguments. Both parents request additional time to work toward reunification. The juvenile court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). But neither parent identifies a "*specific*" improvement that would occur within six months. *See id.* (emphasis added). Instead, both simply suggest they would make progress if given the opportunity. These generalized statements do not provide a sufficient basis to grant additional time to work toward reunification.

We note the mother argues the COVID-19 pandemic resulted in appointment cancellations and modified visitations. Because this hampered her progress, she claims she should get more time to work toward reunification. We disagree. Life is unpredictable. Parents must adapt to unplanned situations and overcome unexpected challenges. We will not delay permanency for the children simply because of unexpected changes in services offered to the mother. Moreover, we note this case began in November 2018—over a year before the COVID-19 pandemic impacted services. Yet the mother made little progress during that time. This is not a parent whose hard work placed her on the threshold of reunification only to be thwarted by a once-in-a-lifetime event. This is a parent

who was given ample time to gain the skills necessary for reunification but simply failed to progress, pandemic or no pandemic.

The parents are not entitled to additional time to work toward reunification.

Finally, both parents argue the juvenile court should have established a guardianship rather than terminating their parental rights. But "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). By their very nature, guardianships can be modified or terminated. *See id.* at 477–478 (discussing the practical realities of guardianships). So placing the children in a guardianship would prevent the children from reaching much deserved permanency. And neither parent presents a compelling reason why this is an exceptional case warranting establishment of a guardianship instead of termination. We agree with the juvenile court that a "guardianship would not be an appropriate permanency option" in this case.

The juvenile court was correct in terminating the mother's and the father's respective parental rights.

**AFFIRMED ON BOTH APPEALS.**